STATE OF RHODE ISLAND
KENT, SC

SUPERIOR COURT

FILED
05 DEC -9 AM 10:55

Elizabeth Armstrong
Plaintiff

vs.

Bank of America Corporation
Defendant

C.A.No.: 05- 1095
**(JURY TRIAL DEMANDED)**

## COMPLAINT

The Plaintiff, Elizabeth Armstong (hereinafter referred to as "Armstrong") hereby complains of the Defendant, Bank of America Corporation (hereinafter referred to as "Bank of America") as follows:

### I. Parties

1. Plaintiff Armstrong is a resident of the State of Rhode Island.

2. Upon information and belief, Defendant Bank of America is a duly organized corporation under the laws of the State of Delaware authorized to conduct business in the State of Rhode Island. As indicated by its most recent published by-laws[1], this defendant maintains a registered office with The Corporation Trust Center at 1209 Orange Street, Wilmington, Delaware in accordance with the General Corporation Law of the State of Delaware. Bank of America's stated principal place of business is located in the City of Charlotte, County of Mecklenburg, State of North Carolina.[2]

[1] This defendant's most recently published by-laws were adopted on September 24, 2003.

[2] This fact is so stated in Article II Section 1 of the *Bylaws of Bank of America Corporation*.

True Copy Attest
M. Anthony
Clerk of Superior Court
County of Kent
Rhode Island

## II. Jurisdiction

3. The Superior Court possesses the requisite subject matter jurisdiction since it involves a contract dispute for money damages in excess of $10,000.00 pursuant to R.I.G.L. § 8-2-14.

## III. Venue

4. Venue properly lies in the Kent County Superior Court since Defendant Bank of America transacts business and can be found in the County of Kent.

## IV. Brief Statement of Facts

5. Plaintiff Armstrong was first employed by FleetBoston Bank ("Fleet") as a Senior Financial Consultant on or about July 21, 2003.

6. Fleet knowingly and intentionally represented to Armstrong that she would be paid, *inter alia*, the following compensation package and consideration in return for the first fifteen (15) months of Armstrong's service as a Fleet Senior Financial Consultant:

i. Armstrong would receive a draw equivalent to $125,000.00 per year to be paid on a bi-weekly basis during the first three (3) months of service[3]; and

ii. Armstrong would receive a draw equivalent to $18,000.00 per year to be paid on a bi-weekly basis for the next twelve (12) months of service[4]; and

iii. Armstrong would receive "**commission pay**" at a rate of fifty percent (50%) on all special product production as defined in the 2003 Incentive Compensation Plan for Financial Consultants (hereinafter referred to as the"Plan") during months one (1) through three (3) of the employment term; and

---

[3] This resulted in an approximate gross pay of $4,807.69 on a bi-weekly basis

[4] This resulted in an approximate gross pay of $692.30 on a bi-weekly basis for months four (4) through fifteen (15) of the employment term.

True Copy Attest
[signature] M. Anthony
Clerk of Superior Court
County of Kent
Rhode Island

iv. Armstrong would receive "**commission pay**" at a rate of fifty percent (50%) on all special product production as defined in the "Plan" during months four (4) through fifteen (15) of the employment term; and

v. Armstrong would receive "**bonus pay**" at a rate of ten percent (10%) on all production if she generated gross revenue of $350,000 to $499,999.00 for any twelve month period. The gross revenue would be calculated by weighing Armstrong's production for her best twelve (12) months out of the fifteen (15) month term[5]; **or**

vi. Armstrong would receive "**bonus pay**" at a rate of fifteen percent (15%) on all production if she generated gross revenue of $500.000 and up for her best twelve (12) months of production during the fifteen (15) month term.

7. Fleet made these representations (hereinafter referred to as the "Fleet representations") to Armstrong for the purpose of inducing Armstrong to accept the Senior Financial Consultant position.

8. Armstrong reasonably relied upon the "Fleet representations" when deciding to accept the Fleet Senior Financial Consultant.

9. Armstrong especially relied on the representations made by Fleet concerning the payment of the so-called "**bonus pay**" as outlined herein in paragraph 6(v) and 6(vi) above in accepting said job position with Fleet.

---

[5] The gross revenue was to be calculated by simply taking Armstrong's best twelve (12) months of production during the fifteen (15) month period and adding those twelve (12) monthly revenue figures. Therefore, the gross revenue was not based on a fiscal period or production for twelve (12) consecutive months. Theoretically speaking, gross revenue could be computed by taking the first two (2) months of the contract term, skipping the next three (3) months and taking the last ten (10) months of the term. This would result in bonus pay based on production in two (2) separate fiscal years.

True Copy Attest
M. Anthony
Clerk of Superior Court
County of Kent
Rhode Island

10. Before accepting employment as a Senior Financial Consultant, Armstrong was employed as a sales manager with a significantly higher base salary than the base salary outlined above in paragraphs 6(i) and 6(ii).[6]

11. Armstrong would not have accepted the position of Senior Financial Consultant had Fleet not promised the payment of the so-called "**bonus pay**" as outlined herein in paragraph 6(v) and 6(vi) above.

12. Armstrong would not have accepted this position without the promise of "**bonus pay**" because her total compensation package would have been insufficient and inadequate.

13. Upon information and belief, Bank of America officially merged with Fleet on or about April 1, 2004 leaving Bank of America as the sole, surviving corporation.

14. This corporate merger occurred in the midst of Armstrong's fifteen (15) month employment package as a Senior Financial Consultant.

15. Armstrong remained a Senior Financial Consultant for Defendant Bank of America following the merger. The terms of her compensation package remained the same with Defendant Bank of America.

16. Armstrong lived up to her end of the contractual bargain by performing the duties required of her as Senior Financial Consultant for both Fleet and Bank of America.

17. Fleet and Bank of America both honored its contractual obligations as outlined above in paragraphs 6(i), 6(ii), 6(iii) and 6(iv).

---

[6] The base salary proposed for the Senior Financial Consultant position paled in comparison to that base salary earned by Armstrong as a sales manager. Putting aside the first three (3) months of the contract at issue in this case, the difference in base salary exceeded $100,000.00.

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Kent

18. Notwithstanding, Defendant Bank of America has failed to honor its contractual commitments as outlined above in paragraphs 6(v) and 6(vi). These contractual obligations relate to Bank of America's promise to provide Armstrong "**bonus pay**".

18. Upon information and belief, Armstrong is entitled to "**bonus pay**" in a minimum amount of ten percent (10%) for the gross revenues she generated for her best twelve (12) month period in accordance with paragraph 6(v) of this Complaint.

19. Armstrong is unable to pinpoint the exact amount she is due for "**bonus pay**" because Bank of America has failed to provide her with an accurate accounting of the gross revenues she generated during the relevant time period and it has utterly failed to respond to any of Armstrong's requests for information or payment.

20. Armstrong may in fact be entitled to fifteen percent (15%) of the gross revenues she generated for her best twelve (12) month period in accordance with paragraph 6 (vi) of this Complaint. This would be true in the instance where her best twelve (12) month period resulted in gross revenues of $500,000.00 or more. Again, Armstrong can not definitively say at this time that she is entitled to the fifteen percent (15%) "**bonus pay**" because Bank of America is in possession of the relevant records and this defendant refuses to respond to plaintiff's request for either information or payment.

21. The plaintiff and her representatives has attempted on numerous occasions, both in writing and orally, to communicate with Bank of America in order to gather an appropriate accounting concerning the gross revenues generated by the plaintiff in her capacity as a Senior Financial Consultant during the relevant fifteen (15) month period and to collect the appropriate "**bonus pay**" due plaintiff.

True Copy Attest
Jane M. Anthony
Clerk of Superior Court
County of Kent
Rhode Island



Rhode Island

22. This defendant has simply ignored these requests. No accounting has been provided by Bank of America. No "**bonus pay**" has been tendered by Bank of America to this plaintiff.

23. In addition to the "**bonus pay**" owed Armstong, this plaintiff is entitled to prejudgment interest at the rate of twelve percent (12%) dating back to the original date this defendant breached the contract. The evidence will show that this defendant breached its employment contract with Armstrong as far back as October of 2004 at the conclusion of the fifteen month period. Under the terms of the employment contract, Bank of America was required to provide Armstrong with an accurate accounting of the gross revenues she generated for the fifteen (15) month period and pay plaintiff the agreed upon "**bonus pay**". This has not been done by Bank of America. There is no justification or legal excuse for this willful omission, inactivity and delay.

24. There is no justiciable issue of fact or law concerning Bank of America's failure to account to Armstrong and its willful refusal to tender Armstrong the "**bonus pay**" she rightfully earned as an employee of Bank of America.

**Count I**
**(Breach of Contract**
**on the part of Bank of America)**

25. Armstrong reincorporates and re-alleges paragraphs 1 through 24 of its Complaint as if fully set forth herein.

26. The facts set forth above constitute a breach of the employment contract by Defendant Bank of America.

27. As a direct and proximate result of said breach by Defendant Bank of America, Armstrong has suffered compensatory damages, incurred attorney's fees and costs to

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Kent



,C

litigate this action and collect wages rightfully earned by Armstrong and been harmed to the extent that she has been without her employment wages for more than one (1) year as of the date this lawsuit has been commenced.

28. Armstrong has been damaged in an amount to be proven at the time of trial.

WHEREFORE, plaintiff Armstrong respectfully requests that judgment enter in its favor against Defendant Bank of America awarding Armstrong compensatory damages, prejudgment interest dating back to at least November 1, 2004, post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count II**
**(The Unjust Enrichment of Bank of America**
**To the Detriment of Armstrong)**

29. Armstrong reincorporates and re-alleges paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Armstrong conferred a material benefit upon Bank of America i.e. the plaintiff's services as a Senior Financial Consultant.

31. Bank of America has wrongfully accepted and retained said benefit without adequately compensating Armstrong.

32. It would be completely inequitable for Bank of America to retain the benefit of Armstrong's employment services without compensating the plaintiff.

33. The facts set forth above establish that Bank of America has been unjustly enriched at the expense of and to the detriment of Armstrong.

34. Armstrong has been damaged in an amount to be proven at the time of trial.

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Kent
Rhode Island
Rhode Island

Cle
,Cler
erk

WHEREFORE, plaintiff Armstrong respectfully requests that judgment enter in its favor against Defendant Bank of America awarding Armstrong the appropriate measure of damages to compensate her for the value of the benefit she conferred upon this defendant, prejudgment interest dating back to at least November 1, 2004, post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count III**
**(Book Account)**

35. Armstrong reincorporates and re-alleges paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Bank of America owes Armstrong either ten percent (10%) of the total gross revenues generated by plaintiff for the highest and best twelve (12) month period as previously described above or, in the alternative, this defendant owes Armstrong fifteen percent (15%) of the total gross revenues generated for the same time period.

37. This amount is due on book account.

WHEREFORE, Armstrong respectfully requests that judgment be entered in its favor against Bank of America on book account in the amount of the respective percentage of the gross revenues she generated, prejudgment interest dating back to at least November 1, 2004, post judgment interest, litigation costs, reasonable attorney's fees and any other relief this Court deems appropriate and just.

**Count IV**
**(R.I.G.L. § 9-1-45 Attorney's Fees)**

38. Armstrong reincorporates and re-alleges paragraphs 1 through 37 of the Complaint as if fully set forth herein.

True Copy Attest
Jane M. Anthony ,Cle
...rk of Superior Court
County of Kent
Rhode Island

39. Rhode Island law permits an award of reasonable attorney's when there is a complete absence of justiciable issues of fact or law in a contract dispute. Rhode Island General Law § 9-1-45.

40. Bank of America has no defense to this action and Armstrong has made all reasonable efforts to collect this case without the need for litigation.

41. There are no justiciable issues of fact or law concerning the merits of this Complaint. The plaintiff has requested an accounting and this defendant has failed to properly account. The plaintiff is entitled to a minimum "**bonus pay**" of ten percent (10%) which Bank of America has neglected to pay without justification or legal excuse.

42. The only issues that remain uncertain at this time is as follows: (i) the exact number plaintiff generated for gross revenues during the relevant time period and (ii) the exact "**bonus pay**" due plaintiff under the employment contract. This information is within the exclusive possession of Bank of America and it refuses time and time again to give said information to Armstrong.[7]

43. Armstrong is entitled to an award of reasonable attorney's fees incurred by her through the conclusion of this litigation including all appeals and all post-judgment legal fees incurred to collect the entire judgment awarded her in this action.

WHEREFORE, Armstrong respectfully requests that judgment be entered in its favor against Bank of America awarding plaintiff reasonable attorney's fees as described above in accordance with R.I.G.L. § 9-1-45 and any other relief this Court deems just and appropriate.

[7] This information likely could be produced by Bank of America by the push of a button but for whatever reason it refuses to push the button and spit out the numbers. This case is a simple mathematical calculation but the plaintiff can not calculate her "bonus pay" without Bank of America giving plaintiff the requisite numbers to crunch. Attorney's fees should be awarded in this case for the mere fact that Armstrong was required to file suit to compel Bank of America to push the so-called proverbial button.

True Copy Attest



Jane M. Anthony

Office ... of Superior Court

**Count V**
**(Accounting)**

44. Armstrong reincorporates and re-alleges paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. The facts set forth above clearly establish that Bank of America is contractually obligated to provide Armstrong with an accounting which will allow Armstrong to calculate the "**bonus pay**" due her under the employment contract.

46. The accounting should include but not be limited to the following information:

(i) the total gross revenues generated by Armstrong in her capacity as a Senior Financial Consultant for the fifteen (15) month period commencing on July 21, 2003;

(ii) an itemized breakdown of the gross sales generated by Armstrong for each of the fifteen (15) months commencing on July 21, 2003 including the names of the bank customers, the effective date of the transaction and the gross revenues derived from each bank customer;

(iii) the total compensation paid to Armstrong during the relevant fifteen month period in her capacity as a Senior Financial Consultant.

(iv) an itemized calculation prepared by Bank of America setting forth the amount this defendant claims is due plaintiff for "**bonus pay**" as outlined above in paragraphs 6(v) and 6(vi) of this Complaint.

(v) a complete copy of Armstrong's personnel file and records.

WHEREFORE, Armstrong respectfully requests that this Court order Bank of America to provide this plaintiff with an accounting as set forth herein and to also award plaintiff reasonable attorney's fees and costs incurred to

True Copy Attest

Jane M. Anthony

Offices of Clerk of Superior Court
County of Kent
Rhode Island

obtain said accounting and any other relief this Court deems just and appropriate.

**Jury Trial Demand**

***Plaintiff Elizabeth Armstrong hereby demands a trial by jury on all issues so triable and designates Michael J. Lepizzera, Jr. and Christian C. Potter as her trial counsel.***

**Michael J. Lepizzera, Jr.**

**Christian C. Potter**

Respectfully submitted,
Plaintiff, Elizabeth Armstrong
By and through its attorneys,

Lepizzera · Laprocina
Michael J. Lepizzera, Jr. #4995
Christian C. Potter
301 Metro Center Blvd. Suite 102
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 384-6950

True Copy Attest

,Clerk

Office of Clerk of Superior Court
County of Kent
Rhode Island