UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH ARMSTRONG,<br>Plaintiff,<br>v.<br>BANK OF AMERICA CORPORATION,<br>Defendant. | ) | Civil Action<br>No. 06-19 S |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Bank of America National Association (improperly named in the Complaint as "Bank of America Corporation") hereby answers the Complaint of Elizabeth Armstrong (hereinafter "Armstrong" or "Plaintiff"), as follows:

**I. Parties**

1. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits only that it is a national banking association organized and existing under the laws of the United States of America and having its principal place of business in Charlotte, County of Mecklenberg, North Carolina. Defendant denies any and all remaining allegations contained in Paragraph 2 of the Complaint.

**II. Jurisdiction**

3. The allegations set forth in Paragraph 3 of the Complaint state a legal conclusion to which no responsive pleading is required. To the extent these allegations require a response, Defendant denies the same.

## III. Venue

4. The allegations set forth in Paragraph 4 of the Complaint state a legal conclusion to which no responsive pleading is required. To the extent these allegations require a response, Defendant denies the same.

## IV. Brief Statement of Facts

5. Defendant admits that Plaintiff held the position of Senior Financial Consultant with Quick & Reilly, a FleetBoston Financial Company, and later with Bank of America Investment Services, Inc. between July 21, 2003 and her voluntary resignation on November 29, 2004. Defendant denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6. Defendant admits only that it offered to compensate Plaintiff in accordance with its normal compensation practices for all Senior Financial Consultants during the relevant time period. Defendant denies any and all remaining allegations set forth in Paragraph 6 of the Complaint, including the footnote references contained therein.

7. Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 8 of the Complaint and, therefore, Defendant denies the same.

9. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 9 of the Complaint and, therefore, Defendant denies the same.

10. Defendant admits only that, prior to accepting the lower-paid position of Senior Financial Consultant, Plaintiff was employed as a sales manager. Defendant denies any and all remaining allegations set forth in Paragraph 10 of the Complaint, including the footnote references contained therein.

11. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 11 of the Complaint and, therefore, Defendant denies the same.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 12 of the Complaint and, therefore, Defendant denies the same.

13. Defendant admits that Bank of America, National Association and Fleet National Bank merged on June 13, 2005. Defendant denies any an all remaining allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits only that the transaction referenced in Paragraph 14 of the Complaint occurred while Plaintiff was employed as a Senior Financial Consultant. Defendant denies any and all remaining allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits only that Plaintiff was employed as a Senior Financial Consultant from July 21, 2003 until her voluntary resignation on November 29, 2004, and that, at all times, Plaintiff was paid in accordance with Defendant's normal compensation practices. Defendant denies any and all remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits only that Plaintiff was paid in accordance with Defendant's normal compensation practices. Defendant denies any and all remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in the first Paragraph of the Complaint bearing the number 18.

18. Defendant denies the allegations set forth in the second Paragraph of the Complaint bearing the number 18.

19. Defendant lacks knowledge or information concerning Plaintiff's inability to calculate any compensation allegedly owed. Defendant denies any and all remaining allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant admits only that it has received inquiries from Plaintiff and Plaintiff's counsel following her resignation. Defendant denies any and all remaining allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. The allegations set forth in Paragraph 24 of the Complaint state a legal conclusion to which no responsive pleading is required. To the extent these allegations require a response, Defendant denies the same.

**Count I**
**(Breach of Contract on the part of Bank of America)**

25. Defendant repeats, realleges and incorporates herein by reference all answers as set forth in paragraphs 1 through 24 above.

26. The allegations set forth in Paragraph 26 of the Complaint state a legal conclusion to which no responsive pleading is required. To the extent these allegations require a response, Defendant denies the same.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

To the extent statements set forth in the last (unnumbered) paragraph of Count I of the Complaint are deemed to constitute allegations to which a response is required, Defendant denies such allegations. Defendant denies that Plaintiff is entitled to any damages.

**Count II**
**(The Unjust Enrichment of Bank of America to the Detriment of Armstrong)**

29. Defendant repeats, realleges and incorporates herein by reference all answers as set forth in paragraphs 1 through 28 above.

30. Defendant admits only that Plaintiff was employed as a Senior Financial Consultant from July 21, 2003 until her voluntary resignation on November 29, 2004. Defendant denies any and all remaining allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. The allegations set forth in Paragraph 33 of the Complaint state a legal conclusion to which no responsive pleading is required. To the extent these allegations require a response, Defendant denies the same.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

To the extent statements set forth in the last (unnumbered) paragraph of Count II of the Complaint are deemed to constitute allegations to which a response is required, Defendant denies such allegations. Defendant denies that Plaintiff is entitled to any damages.

**Count III**
**(Book Account)**

35. Defendant repeats, realleges and incorporates herein by reference all answers as set forth in paragraphs 1 through 34 above.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. The allegations set forth in Paragraph 37 of the Complaint state a legal conclusion to which no responsive pleading is required. To the extent these allegations require a response, Defendant denies the same.

To the extent statements set forth in the last (unnumbered) paragraph of Count III of the Complaint are deemed to constitute allegations to which a response is required, Defendant denies such allegations. Defendant denies that Plaintiff is entitled to any damages.

**Count IV**
**(R.I.G.L. §9-1-45 Attorney's Fees)**

38. Defendant repeats, realleges and incorporates herein by reference all answers as set forth in paragraphs 1 through 37 above.

39. The allegations set forth in Paragraph 39 of the Complaint state a legal conclusion to which no responsive pleading is required. To the extent these allegations require a response, Defendant denies the same.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. The allegations set forth in the first sentence of Paragraph 41 of the Complaint state a legal conclusion to which no responsive pleading is required. To the extent these allegations require a response, Defendant denies the same. Defendant denies any and all remaining allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint, including the footnote reference contained therein.

43. The allegations set forth in Paragraph 43 of the Complaint state a legal conclusion to which no responsive pleading is required. To the extent these allegations require a response, Defendant denies the same.

To the extent statements set forth in the last (unnumbered) paragraph of Count IV of the Complaint are deemed to constitute allegations to which a response is required, Defendant denies such allegations. Defendant denies that Plaintiff is entitled to any damages.

**Count V**
**(Accounting)**

44. Defendant repeats, realleges and incorporates herein by reference all answers as set forth in paragraphs 1 through 43 above.

45. The allegations set forth in Paragraph 45 of the Complaint state a legal conclusion to which no responsive pleading is required. To the extent these allegations require a response, Defendant denies the same.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

To the extent statements set forth in the last (unnumbered) paragraph of Count V of the Complaint are deemed to constitute allegations to which a response is required, Defendant denies such allegations. Defendant denies that Plaintiff is entitled to any damages.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### THIRD DEFENSE

Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages.

### FOURTH DEFENSE

Plaintiff claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff is barred from recovery by the doctrine of laches.

**SIXTH DEFENSE**

Plaintiff, by her own acts and omissions, is estopped from recovering judgment against Defendant.

**SEVENTH DEFENSE**

Defendant has paid the plaintiff all of the salary and benefits to which she was entitled.

**EIGHTH DEFENSE**

Defendants acted at all times in good faith and reasonably believed that its actions involving Plaintiff did not violate any law.

**NINTH DEFENSE**

Plaintiff's claim for breach of contract is barred to the extent that she cannot show offer and/or acceptance.

**TENTH DEFENSE**

Plaintiff's claim for breach of contract is barred to the extent that she cannot show consideration to support the alleged contract.

**ELEVENTH DEFENSE**

Plaintiff's claim for breach of contract is barred to the extent she cannot show breach by Defendants.

**TWELFTH DEFENSE**

Plaintiff's claim for breach of contract is barred by the doctrine of unclean hands.

**RELIEF REQUESTED BY DEFENDANT**

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint and all counts thereunder, award Defendant its costs and attorneys' fees related to the defense of the instant allegations and all other relief the Court deems just and proper.

**JURY DEMAND**

Defendant demands a jury trial as to all issues so triable.

Respectfully submitted,
BANK OF AMERICA NATIONAL ASSOCIATION
By its Attorneys,

Mark A. Pogue, Esq. (#3441)
Brian P. Pezza, Esq. (*Pro Hac Vice pending*)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274.9200
(888) 325.9050

Dated: February 17, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February, 2006, I sent by first-class mail, postage prepaid, a copy of the foregoing to the following counsel of record:

Michael J. Lepizzera, Jr., Esq.
301 Metro Center Blvd., Suite 102
Warwick, RI 02886

Mark A. Pogue